IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROMMIE L. JOHNSON, JR., | ) | CASE NO. 4:08 CV 149 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STUART HUDSON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Rommie L. Johnson, Jr. for a writ of

habeas corpus under 28 U.S.C. § 2254.[2]  Johnson is currently incarcerated at the Trumbull

Correctional Institution in Leavittsburg, Ohio, where he is serving a 16-year sentence

imposed by the Mahoning County Common Pleas Court in 2006 after he entered a negotiated

plea of guilty to four counts of rape.[3]

Johnson now asserts (1) that the trial court abused its discretion in denying his motion

to withdraw the guilty plea[4] and (2) that his appellate counsel was ineffective.[5]  The State,

in its return of the writ, initially contends that ground one is waived or procedurally defaulted

---

[1] ECF # 6.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id*. at 5.

[5] *Id.* at 7.

because it was not fairly presented to Ohio courts.[6]  Alternatively, the State maintains that ground one is non-cognizable in a federal habeas proceeding.[7]  It further argues that ground two should be denied because the state appellate decision denying this claim was not an unreasonable application of clearly established federal law.[8]  Johnson filed no traverse.

For the reasons that follow, I will recommend dismissing ground one as non-cognizable to the extent that it presents the claim that the state trial court abused its discretion in denying the motion to withdraw the guilty plea.  I will further recommend denying the claim in ground one that the state court sentenced Johnson in violation of the plea agreement and ground two claiming ineffective assistance of appellate counsel because those decisions were not contrary to or an unreasonable application of clearly established federal law.

## Facts

### A.    Underlying facts/plea and sentence

Because the matter did not proceed to trial, the underlying facts were not extensively developed.  However, there is no dispute as to the facts relevant to this petition.

---

[6] ECF # 9 at 10-13.

[7] *Id*. at 13-20.

[8] *Id*. at 24-27.

Johnson was originally indicted on nine counts of rape and gross sexual imposition in two separate cases involving three different victims, one a girl under 13 years of age.[9] Johnson initially pled not guilty, but after the cases were joined for trial,[10] pursuant to a negotiated plea, he then pled guilty to four counts of rape and further stipulated to being classified as a sexual predator.[11] The trial court thereupon conducted a plea hearing at which it accepted the plea, found Johnson guilty, but deferred sentencing until the completion of a pre-sentence report.[12]

At the sentencing hearing,[13] the court began by hearing from the prosecutor and the mother of one of the victims.[14] It then proceeded to review with Johnson the elements of the plea agreement that had been previously accepted[15] when defense counsel asked to continue the sentencing so that he might move to withdraw the plea.[16]

Specifically, counsel argued that there were "inconsistencies" in the pre-sentence report that could cast doubt on whether Johnson understood that, in pleading guilty, he was

---

[9] ECF # 9, Ex. 2 (state record) at 1-5. As recounted in a portion of the pre-sentence report which was read into the record at the sentencing hearing by the trial judge, Johnson stated, "I had sex with two underage girls and I was wrong." *See*, *id.*, at 303.

[10] *Id.*, at 9.

[11] *Id.*, at 10-17.

[12] *Id.*, at 243-60.

[13] *Id.*, at 261-311.

[14] *Id.*, at 261-67.

[15] *Id.*, at 267-74.

[16] *Id.*, at 274-77

agreeing that force was used to get his victim to submit.[17]  In addition, defense counsel stated

that the victim in the case[18] may actually have been 16 years old, not 15,[19] and that Johnson

may not have understood that, by pleading guilty, he would not be eligible for early release.[20]

After hearing from the prosecutor and the defendant, the trial court denied both the

motion to continue and the motion to withdraw the guilty plea.[21]

The court then sentenced Johnson to consecutive prison terms of four years for each

rape conviction, for a total of 16 years in prison, plus five years of post-release control.[22]  In

addition, pursuant to the plea agreement, Johnson was also found to be a sexual predator.[23]

**B.     Direct appeal**

Johnson filed a timely notice of appeal, and now represented by different, appointed

counsel,[24] raised the following assignment of error:

---

[17] *Id*., at 274-75.

[18] Only one victim was involved with the counts to which Johnson pled guilty.  The other victims were involved with counts that were dismissed.

[19] ECF # 9, Ex. 2 at 275-76.

[20] *Id*., at 276-77.

[21] *Id*., at 277-87.  The transcript is unclear as to whether the trial court considered these as separate motions, but the record is clear that it directly overruled the motion to withdraw the plea and proceeded with sentencing.  *See*, *id.* at 287.

[22] *Id*., at 304-05.

[23] *Id*., at 305-06.

[24] *Id*., at 25.  Johnson was represented at his plea hearing and sentencing by retained counsel.  *See*, *id.*, at 28 n.2.

The trial court committed an abuse of discretion by refusing to grant defendant-appellant's motion to withdraw his previous plea of guilty where such request was made prior to the imposition of sentence.[25]

The State filed a brief in opposition,[26] to which Johnson replied.[27]  The Ohio appeals court thereupon analyzed the nine factors Ohio case authority sets forth for a trial court to consider when addressing a motion to withdraw a plea and concluded that the trial court here sufficiently considered these factors and so did not abuse its discretion in not permitting Johnson to withdraw his guilty plea.[28] Johnson did not file a timely appeal of this decision to the Supreme Court of Ohio.[29]

## C.    Delayed appeal to the Supreme Court of Ohio

More than four months after the Ohio appeals court overruled his sole assignment of error, Johnson, *pro se*, filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court.[30]  Johnson contended that the delay was due to his needing to assemble the records of his case and to "study the law books and rules" so as to be able "to

---

[25] *Id.*, at 26.

[26] *Id*., at 58-69.

[27] *Id*., at 70-98.

[28] *Id*., at 100-08.

[29] *See*, ECF # 9 at 3.

[30] ECF # 9, Ex. 2 at 109-11.

process my own appeal."[31]  He also moved the Court for copies of all pretrial conferences and "pertinent data" to his case.[32]

The Supreme Court of Ohio denied both the motion for delayed appeal and for copies of the record, dismissing Johnson's appeal.[33]

## D.    Rule 26(B) application to reopen

While his motion for delayed direct appeal was pending before the Ohio Supreme Court, Johnson, *pro se*, filed an application with the Ohio appeals court to reopen his appeal under Ohio Appellate Rule 26(B).[34]  In that application, Johnson alleged that his appellate counsel was ineffective for not raising the "proper legal issue" on appeal.[35]  Specifically, Johnson maintained that appellate counsel should have argued that Johnson's plea agreement was breached – the agreement was for him to receive 13 years, he actually received 16 – not that the trial court abused its discretion in rejecting the motion to withdraw.[36]

The State opposed the motion to reopen.[37]  The appeals court, quoting from the transcript of the sentencing hearing, then denied the motion to reopen.[38]  The court noted that

----

[31] *Id.*, at 111.

[32] *Id.*, at 122.

[33] *Id.*, at 123.

[34] *Id.*, at 124-30.

[35] *Id.*, at 127.

[36] *Id.*, at 128.

[37] *Id.*, at 141-42.

[38] *Id.*, at 142-45.

when, as here, a defendant receives a greater sentence than that recommended in the plea agreement, but the defendant had been forewarned of the possibility of applicable maximum penalties, the sentence is not contrary to law and it is not ineffective assistance for appellate counsel to refrain from raising the issue.[39]

Johnson did timely file an appeal to the Supreme Court of Ohio.[40] In framing his proposition of law, Johnson appeared to expand the issue from that presented to the Ohio appeals court, arguing:  (1) that trial counsel was ineffective for failing to advise Johnson that the 13-year recommended sentence was "unenforceable and void" as a plea agreement; and (2) that appellate counsel was ineffective for failing to argue that the "void" plea agreement mandated that Johnson be permitted to withdraw his plea.[41]

The State did not file a brief in opposition.  The Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question.[42]

**E.     Federal habeas petition**

Johnson then timely filed the present petition for federal habeas relief, raising the following two grounds for relief:

---

[39] *Id*., at 145.

[40] *Id*., at 146-63.

[41] *Id*., at 161.

[42] *See*, ECF # 1 at 7.

1.     The trial court abused [its] discretion [by] denying our pre-sentence
       motion to withdraw the guilty plea where the court denied or rejected
       the "negotiated plea agreement."[43]

2.     Ineffective assistance of counsel as in *State v. Aponte*, failing to argue
       the proper and most compelling issue on direct appeal, i.e., breech (sic)
       of contract and denial to allow (sic) withdrawal from plea contract
       rejected by the court.[44]

The State, in its return of writ, contends first that ground one is procedurally defaulted

because Johnson failed to timely appeal the denial of this claim by the Ohio appeals court to

the Supreme Court of Ohio.[45]  In addition, to the extent that ground one represents an

expansion of the claim presented on direct appeal to include an element raised during the

Rule 26(B) application, the State argues that the ground is waived because Johnson could

have presented the expanded claim on direct appeal, but did not, and now is barred by

*res judicata* from presenting the claim in Ohio courts.[46]

Moreover, in addition to the preceding arguments, the State contends that ground one

– which goes to whether an Ohio court abused its discretion in rejecting a motion to

withdraw a guilty plea – is non-cognizable in a federal habeas action.[47]  First, the State

asserts, claims of abuse of discretion do not provide a basis for federal habeas relief.[48]

---

[43] *Id*. at 5.

[44] *Id*. at 7.

[45] ECF # 9 at 10-11.

[46] *Id*. at 1-13.

[47] *Id*. at 13-20.

[48] *Id*. at 13.

Further, it maintains that a criminal defendant has no right under the Constitution to withdraw a guilty plea, unless accepting the plea itself violated the defendant's constitutional rights.[49]  In this case, the State argues, the state appeals court examined the plea hearing in detail and found no constitutional defects in Johnson's plea.[50]

As to the second federal habeas ground for relief – ineffective assistance of appellate counsel for not arguing the "proper" issue on appeal, the State contends that:  (1) counsel is not constitutionally required to raise every nonfrivolous issue on appeal;[51] and (2) counsel's performance, as determined by the Ohio appeals court reviewing the matter under the 26(B) application, was not in violation of the well-known *Strickland* standard for effective representation.[52]

Johnson has not filed a traverse.

# Analysis

## A.    Standards of review

### 1.    *Non-cognizable claim*

The federal habeas statute provides that the writ is available only when a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."[53]

---

[49] *Id*. at 13-15.

[50] *Id*. at 15-20.

[51] *Id.* at 25.

[52] *Id*. at 25-27.

[53] 28 U.S.C. § 2254(a).

Therefore, to the extent that a habeas petitioner makes a claim that is based solely on a violation of state law, the petitioner has failed to state a claim on which federal habeas relief can be granted.[54]  A perceived error of state law may serve, however, as the basis for federal habeas relief if the error resulted in the petitioner being denied fundamental fairness in the trial process.[55]

### 2.     *Claims not adjudicated as federal claims by the state court*

The standard of review outline by statute for habeas cases applies, by its own terms, only to cases that were "adjudicated on the merits in State court proceedings."[56]  In reviewing a state court adjudication on the merits, the federal habeas court may grant the writ only if that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the decision was based on an unreasonable determination of the facts.[57]

As the Sixth Circuit has concluded, where a state court has resolved a federal habeas claim without squarely addressing the claim in terms of federal law, but the state court's analysis bears some similarity to the inquiry required under federal law, the habeas court must accord that state decision a modified level of deference.[58]  Specifically, this means that

---

[54] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[55] *Id.*

[56] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[57] 28 U.S.C. § 2254(d).

[58] *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir.2007) (citing *Maldonado v. Wilson*, 416 F.3d 470, 474 (6th Cir. 2005).

the federal habeas court must "conduct a careful review of the record and applicable law, but nonetheless bars the court from reversing unless the state court's decision is contrary to or an unreasonable application of federal law."[59]

When the state court's adjudication in such circumstances relied entirely on state law without any reference to federal law, the federal habeas court considers only whether the state court decision was contrary to clearly established federal law, not whether it resulted in an unreasonable application of federal law.[60]

As is well-established in the Supreme Court's decision in *Williams v. Taylor*,[61] a decision is "contrary to" clearly established federal law when it is "diametrically different, opposite in character or nature, or mutually opposed."[62]

## 3.    *Ineffective assistance of appellate counsel*

Under *Strickland v. Washington*,[63] a petitioner establishes ineffective assistance of counsel by showing first that counsel's performance was deficient and then that this deficient performance prejudiced the petitioner by rendering the proceeding unfair and the result unreliable.[64]    Although *Strickland* involved the ineffective assistance of trial counsel, a

---

[59] *Maldonado*, 416 F.3d at 476 (citations omitted); *see also*, *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[60] *Bey*, 500 F.3d at 520.

[61] *Williams v. Taylor*, 529 U.S. 362 (2000).

[62] *Id*. at 405.

[63] *Strickland v. Washington*, 466 U.S. 668 (1984).

[64] *Id*. at 687.

-11-

comparable test applies to claims of ineffective assistance of appellate counsel.[65] In either

instance, both prongs of the *Strickland* test must be met in order for the writ to be granted;

thus, courts need not address the issue of competence if the claim can be disposed of for

failure to show prejudice.[66]

In reviewing counsel's performance, the court recognizes that counsel is presumed to

have rendered adequate assistance.[67] The reviewing court must not engage in hindsight but

should evaluate counsel's performance within the context of the circumstances existing at

the time of the alleged errors.[68]

The key is not whether counsel's choices were strategic but whether they were

reasonable.[69] To that end, counsel has a duty to make reasonable investigation into possible

alternatives but, having done so, will be presumed to have made a reasonable decision in

choosing.[70]

In the context of appeal, an appellate attorney need not raise every possible issue on

appeal to be effective.[71] Effective appellate advocacy often requires that the attorney select

---

[65] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[66] *Strickland*, 466 U.S. at 697.

[67] *Id*. at 690.

[68] *Id*.

[69] *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[70] *Strickland*, 466 U.S. at 691.

[71] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

only the most promising issues for review.[72]  In addition, there can be no ineffectiveness in

failing to argue a non-meritorious issue.[73]

   With respect to the prejudice prong, the petitioner must show that there is a reasonable

probability that, but for counsel's alleged errors, the result of the proceeding would have

been different.[74]  A reasonable probability is a probability sufficient to undermine confidence

in the outcome.[75]

### 4.    *Negotiated guilty plea/breach*

   As the Sixth Circuit has observed in the context of Federal Criminal Rule 11, "[o]*nce

the district court has accepted a plea agreement*, we have traditionally regarded the

agreement as a type of contract, and we have analyzed the respective obligations of the

prosecution and the defendant under general principles of contract law."[76]  In those

circumstances, the United States Supreme Court has held that "when a plea rests in any

significant degree on a promise or agreement of the prosecutor, so that it can be said to be

part of the inducement or consideration, such promise must be fulfilled."[77]

---

   [72] *Id.*

   [73] *Strickland*, 466 U.S. at 698.

   [74] *Id*. at 694.

   [75] *Id.*

   [76] *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993) (emphasis added, citation omitted).

   [77] *Santobello v. New York*, 404 U.S. 257, 262 (1971).

However, where the plea agreement has not yet been accepted by the court, the Sixth Circuit is equally clear that "'the touchstone of *Santobello* is whether the prosecution met its commitment [to make a sentencing recommendation] and not whether the court would have adopted the government's recommendation.'"[78]

Stated differently, as the Supreme Court held in *Mabry v. Johnson*,[79] "[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of the court, does not deprive the accused of liberty or any other constitutionally protected interest."[80]  Thus, where a defendant makes his plea with the knowledge of what the prosecutor is recommending in the plea bargain as a sentence and what the judge could impose, the defendant's "plea [is] thus in no sense the product of governmental deception; it rest[s] on no 'unfulfilled promise' and fully satisfie[s] the test for voluntariness and intelligence."[81]  In such circumstances, the Supreme Court concluded that the defendant's "inability to enforce the prosecutor's offer is without constitutional significance."[82]

---

[78] *United States v. Allen*, 516 F.3d 364, 373 (6th Cir. 2008) (quoting *Cohen v. United States*, 593 F.2d 766, 771 (6th Cir. 1979)).

[79] *Mabry v. Johnson*, 467 U.S. 504 (1984).

[80] *Id*. at 507.

[81] *Id*. at 510.

[82] *Id.*

**B.      Application of standards**

*1.      Procedural default or waiver*

First, I note that this ground, as presented here in the federal petition for habeas relief,

combines two distinct arguments:  (1) the argument made in the direct appeal that the trial

court abused its discretion by denying the pre-sentence motion to withdraw the guilty plea,

and (2) the different, but related, argument asserted in the Rule 26(B) application that the trial

court erred by refusing to honor the negotiated plea agreement.

Thus, because the present first ground for habeas relief consists of elements raised in

separate, independent state court proceedings, dismissing this federal ground in its entirety

for procedural default must rest on default as to each element of the ground.

Here, the State argues that the first element is procedurally defaulted because Johnson

failed to successfully pursue his delayed appeal to the Ohio Supreme Court.  It then asserts

that Johnson defaulted on the second element because he could and should have, but did not,

present the second element to the Supreme Court.  Therefore, the State contends, *res judicata*

barred his efforts to pursue the second element in his Rule 26(B) proceeding.

The State has asserted the affirmative defense of procedural default; it appears that

both elements of this first ground for relief are default and/or waived.  Nevertheless, because

I conclude that both grounds for relief lack merit, I will proceed to analyze the arguments

addressed tho those grounds.

**2.      *Ground one should be dismissed as non-cognizable insofar as it asserts abuse of discretion, a violation of only state law, in relation to the state court ruling on the motion to withdraw a guilty plea and denied as to whether the negotiated plea was an enforceable contract.***

*(a)      The first element of ground one should be dismissed as non-cognizable.*

Turning now to the first element of ground one – the claim that the Ohio court abused its discretion in denying Johnson's pre-trial motion to withdraw his guilty plea.  I note that the Ohio appeals court in rejecting this claim extensively analyzed it employing exclusively the nine-element Ohio law standard for deciding whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a guilty plea.[83]  Finally, I observe that this element of ground one is presented here without any reference to any federal law or Constitutional principle.[84]

Therefore, as noted, to the extent that Johnson's argument in the first element of ground one is based only on the trial court's purported abuse of discretion in denying a pre-sentence motion to withdraw the guilty plea, an alleged violation of state law, Johnson has failed to state a claim upon which federal habeas relief may be granted.[85]  Accordingly, I recommend that the first element of Johnson's first ground for relief be dismissed as non-cognizable.

---

[83] *See*, ECF # 9, Attachment 2 (state record) at 100-08.

[84] To repeat, the first element of ground one focuses on the purported abuse of discretion while the second element deals with the alleged breach of the plea agreement. Johnson does cast the second element as a violation of federal law, but not the first.

[85] *Lewis*, 497 U.S. at 780; *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004).

*(b)*     *The second element of ground one should be denied as the state court decision was not contrary to the clearly established federal law concerning plea agreements.*

As to the second element of ground one – the claim that the failure to permit a withdrawal of the plea under these circumstances amounted to a breach of the plea agreement – I observe that this portion of the claim was arguably presented to the Ohio court in the Rule 26(B) application as a federal claim by virtue of Johnson's citation to federal authority in support of the aspect of the overall claim.[86] However, I note further that the Ohio appeals court considered the assertedly federal issue of a breach of the plea solely as a question of state law, finding that an Ohio court commits no error if it imposes a more severe sentence than that recommended by the prosecutor in the plea deal.[87]

As noted earlier, where: (1) a claim has been presented to the state court as a federal claim but (2) that court adjudicates the claim without employing the standard of federal law, (3) producing a state court decision that yet bears some similarity to the required analysis set forth in clearly established federal law; the federal habeas court must employ a modified version of AEDPA deference in reviewing that state court decision, granting the writ only if the state decision is contrary to clearly established federal law.

Here, although the state court decision denying Johnson's Rule 26(B) application to reopen the appeal dealt with the allegation that the plea agreement had been breached only

---

[86] *See*, ECF # 9, Attachment 2 at 127, citing *Santobello*, 404 U.S. at 262.

[87] *Id*., at 145, citing *State v. Lamson*, No.CT06-0064, 2007 WL 1792258 (Ohio Ct. App. 5th Dist. June 13, 2007) at ¶ 8.

-17-

by reference to Ohio law, I recommend finding that this decision is not contrary to clearly established federal law.

In particular, I note that Johnson has consistently misapprehended the teaching of *Santobello* concerning enforceable promises by the state in plea agreements.  As outlined earlier, the plea agreement does not acquire the nature of a contract until it has been accepted by the court.  Thus, the sentencing recommendation by the prosecution is not, prior to being accepted by the court, an enforceable term of the contract upon which the defendant may locate a ground for a breach.

Rather, in the circumstances as described, the prosecutor's promise, which *Santobello* recognizes may be enforced against the state, is merely to make the recommendation he promised to make, not to guarantee the ultimate sentence imposed by the court.

Here, the record is clear that Johnson was repeatedly informed by the court – and Johnson acknowledged understanding the information – that the court alone would impose the sentence, and that by pleading guilty, Johnson would be liable to receive the maximum sentence permitted, regardless of what the prosecutor might recommend.  The prosecution then discharged its obligation to Johnson under *Santobello* by making the sentencing recommendation it agreed to make, and the trial court acted in conformity with its powers under state law, as fully explained in advance to Johnson, by imposing the sentence it did. Johnson's hope that the trial judge would agree to the prosecutor's recommended sentence did not convert that recommendation into a promise enforceable against the trial court, nor does that hope now create a viable constitutional claim in this Court.

Thus, I recommend denying the second element of ground one inasmuch as the state court decision in this regard was not contrary to clearly established federal law.

**3.**    ***Ground two should be denied inasmuch as the state court decision denying this claim was not contrary to the clearly established federal law concerning ineffective appellate counsel.***

In his second ground for habeas relief, Johnson contends that his appellate counsel was ineffective for not arguing the issue that the plea had been breached by the ultimate sentence.  As previously stated, the Ohio appeals court that addressed this issue in its review of the denial of Johnson's Rule 26(B) application concluded, without reference to federal law, that Johnson's appellate counsel was not ineffective for failing to argue that the sentence breached the plea since such an argument had no merit.[88]

The clearly established federal law on ineffective assistance of appellate counsel provides, as outlined above, that there can be no ineffectiveness for failing to raise a non-meritorious issue on appeal.[89]  In this case, as more fully discussed in the prior section, because the trial court's decision to impose a different sentence than that recommended by the prosecutor was not breach of the plea agreement giving rise to a constitutional violation of the duty to enforce promises made by the state in connection with a plea deal, the conclusion by the state court here that Johnson's appellate counsel cannot be found ineffective for declining to raise this issue on appeal should be found to be not contrary to clearly established federal law.

---

[88] ECF # 9, Attachment 2 at 145.

[89] *Strickland*, 466 U.S. at 698.

I, therefore, recommend that ground two of this petition be denied.

## Conclusion

For the reasons stated above, I recommend that the petition of Rommie L. Johnson,

Jr. for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed in part and denied in

part.

Dated:  March 31, 2009                                    s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within ten (10) days of receipt of this notice.  Failure to file objections within the
specified time waives the right to appeal the District Court's order.[90]

---

[90] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).